UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------X

FRANK M. LOBACZ,                                :

       Plaintiff,                              :

    vs.                                         :  COMPLAINT

THE UNITED STATES OF AMERICA and         :  Case No. 18-cv-61737
BUREAU OF PRISONS ("BOP")
MEDICAL AND OTHER STAFF JOHN DOEs 1-10    :  JURY TRIAL
(names and number of whom are unknown at present),   DEMANDED
                                         :
Defendants
------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action in which the Plaintiff, FRANK LOBACZ, proceeding *pro se*, respectfully invokes the rule established in *Haines v. Kerner*, 404 U.S. 519, (1972) (holding *pro se* litigants to "less stringent standards" than those applied to attorneys) and seeks relief for the Defendants' violation of his rights secured by the Eighth Amendment to the United States Constitution and the Federal Torts Claims Act. Plaintiff seeks damages from the Defendants because he was deprived of essential medical care and treatment while incarcerated in Bureau of Prisons' ("BOP") facilities.

2. As a result of the aforementioned violations, Plaintiff suffered emotional, mental, psychological and physical pain and suffering and injury.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 and 1346 because of the following:

a. This matter in controversy arises under the Constitution of the United States, including the Eighth Amendment to the Constitution;

b. This matter in controversy arises under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.;

c. This is an action to redress the deprivation under color of law of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States; and

d. This action seeks compensatory and punitive damages to vindicate Plaintiff's Constitutional and civil rights secured by the Eighth Amendment of the Constitution of the United States.

4. The Southern District of Florida is an appropriate venue under 28 U.S.C. § 1402(b) because Plaintiff resides in said judicial district.

**PARTIES**

5. Plaintiff is a 73-year old man. He at all times was incarcerated within Bureau of Prisons ("BOP") facilities during the time of the incidents described herein. He was released on July 31, 2015 from BOP custody. Plaintiff currently resides in Deerfield Beach, Florida.

6. Defendant UNITED STATES OF AMERICA is the government entity with jurisdiction and control over the agencies and employees whose wrongful, negligent and deliberately indifferent conduct injured Plaintiff as alleged herein.

7. Defendants BOP MEDICAL AND OTHER STAFF JOHN DOEs 1-10 are employees of the BOP. They personally participated in the wrongful, negligent, and deliberately indifferent conduct alleged herein. At all relevant times, BOP MEDICAL AND OTHER STAFF JOHN DOEs 1-10 were acting under color of law and in the scope of their employment with the

2

federal government. BOP MEDICAL AND OTHER STAFF JOHN DOEs 1-10 are being sued in their individual capacities pursuant to Bivens v. Six Unknown Federal Narcotics Agents and its progeny.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. To the extent required, Plaintiff has exhausted his administrative remedies to the best of his ability by pursuing the appropriate processes within the BOP with respect to the claims set forth herein.

## STATEMENT OF FACTS

9. Plaintiff is 73 years old and presently resides in Deerfield Beach, Florida.

10. Plaintiff, a physician previously licensed to practice medicine in the State of New York, was charged in an indictment filed in the United States District Court for the Eastern District of New York under docket number 07 Cr. 744. He was charged with conspiracy to commit healthcare billing fraud, income tax evasion and filing a false IRS form. On November 12, 2010, following an approximately 3-week trial, Plaintiff was convicted of the charged offenses. He later was sentenced on July 29, 2013 by the Honorable Denis R. Hurley, principally to 65 months' imprisonment, to be followed by three years of supervised release.

11. Plaintiff was remanded to the custody of the United States Marshal upon the return of the jury's verdict on November 12, 2010. Upon remand he was held for a brief period in the "GEO" Private Detention Facility ("GEO") in Jamaica, Queens. Thereafter, from shortly after November 12, 2010 he was held at the Metropolitan Detention Center ("MDC") in Brooklyn, New York until after sentencing when he was transferred in or about August, 2013 to

3

the BOP facility at FCI Butner in North Carolina where he remained until his release. Plaintiff was released from BOP custody on July 31, 2015.

12. Prior to his imprisonment, Plaintiff had suffered various serious heart ailments and heart disease and was receiving medical care for his multiple heart-related conditions from his private physicians. Personnel at the BOP facilities were advised of and were aware of Plaintiff's medical history and poor heart health.

13. During his imprisonment at GEO Plaintiff did not receive all of his needed medications.

14. While in custody at the MDC, Plaintiff suffered several coronary related events and was hospitalized for an extended period on at least three occasions.

15. During his imprisonment at the MDC, on many occasions Plaintiff requested from BOP medical staff and other staff members medications, health supplements and vitamins that he had been prescribed for several years to maintain heart health and to sustain his life. In addition, Plaintiff requested treatment, physical therapy and other medical treatment which he had been receiving prior to his incarceration to maintain heart health and to strengthen his already seriously damaged heart.

16. The BOP and staff at the MDC failed and refused to provide Plaintiff with the necessary medication, vitamins, treatment, care and therapy. This failure and refusal was wrongful, negligent and deliberately indifferent.

17. After suffering one cardiac event at the MDC, Plaintiff asked to see a doctor or to be taken to the hospital and was told, in substance, that if he was alive in the morning, the MDC staff would address his problem.

18. On another occasion, after being mistreated and abused by MDC staff and suffering a heart attack Plaintiff was rushed to the hospital. Upon release from the hospital he was returned to the MDC. He received no therapy and his receipt of proper medications was sporadic.

19. On another occasion, after suffering a cardiac event at the MDC, Plaintiff was unable to be revived by MDC personnel because the "paddles" which they used to try to revive Plaintiff did not work.

20. On yet another occasion, Plaintiff was brought to the hospital pursuant to Court Order and underwent life saving surgery which the BOP had been denying him.

21. Following his imprisonment on November 12, 2010 and throughout the period of 2010 through 2013, Plaintiff wrote many memos to the MDC medical staff and others at MDC setting forth his complaints and detailing his medical needs and the lack of adequate treatment and care he was receiving and not receiving from the BOP at the MDC. At no time after any of the above-noted hospitalization was Plaintiff provided any therapy to attempt to improve his condition.

22. In or about August, 2013, Plaintiff was transferred from MDC to FCI Butner ("Butner") (with other stops at other BOP facilities along the way in Pennsylvania and Virginia). Despite repeated and multiple requests by Plaintiff, he was not provided with adequate medical care and treatment for his serious medical conditions at the Butner facility.

23. While at Butner, Plaintiff again sought the medical assistance, care, treatment, medicines, vitamins and therapy necessary for his health. His requests were more often than not refused or ignored. This failure and refusal was wrongful, negligent and deliberately indifferent.

5

24. On one occasion at Butner, when Plaintiff collapsed and was brought to the health center, he was told by staff members not to return to the health center unless he was dying.

25. Plaintiff's heart health deteriorated further at Butner and the BOP refused and failed to provide the medical procedures, treatment and care that Plaintiff needed. At Butner, Plaintiff asked that he be admitted to area hospitals for certain procedures. The BOP refused these requests. The refusal and failure of the medical and other staff at Butner Medical Center to address properly Plaintiffs's medical condition and needs was wrongful, negligent and deliberately indifferent.

26. Within days of his release from Butner (Plaintiff returned to New York), Plaintiff collapsed and was hospitalized. He was admitted to a hospital in New York, where doctors performed emergency surgery on his heart - - the same procedure which the BOP had denied and refused to have performed while Plaintiff was at the Butner facility. Upon release from the hospital, Plaintiff stayed approximately three weeks at a rehabilitation center in Brooklyn, New York.

27. Since then, Plaintiff continues to suffer poor heart health, all of which was exacerbated by the lack of proper care and treatment on the part of the BOP.

28. On several occasions Plaintiff requested that BOP provide the care, treatment and care which Plaintiff needed.

29. These requests generally were either denied or ignored.

30. The delay in treatment and the poor treatment provided by the BOP exacerbated Plaintiff's already poor heart health.

6

## PLAINTIFF'S INJURIES AND DAMAGES

31. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

    (a)    Suffered severe physical injuries and pain and suffering;

    (b)    Suffered psychological injuries;

    (c)    Was denied his state and federal constitutional rights and liberties;

    (d)    Continues to suffer from physical and psychological injuries, emotional and mental anguish and pain; and

    (e)    Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### BIVENS V. SIX UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971) VIOLATION OF EIGHTH AMENDMENT RIGHTS DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED AGAINST DEFENDANTS BOP MEDICAL AND OTHER STAFF JOHN DOES 1-10

32. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. At all times relevant to this action, Defendants BOP Medical And Other Staff John Does 1-10, owed a constitutional duty of care to Plaintiff, in accordance with the Eighth Amendment of the United States Constitution.

34. As alleged above, Defendants, United States and BOP Medical And Other Staff John Does 1-10, through those employees and agents and others, breached this duty of care by deliberately failing to provide or arrange for appropriate medical treatment for Plaintiff.

35. As alleged above, Defendants United States and BOP Medical And Other Staff John Does 1-10, were deliberately indifferent to Plaintiff's serious medical conditions and medical needs.

7

36. Defendants United States and BOP Medical And Other Staff John Does 1-10 knew that Plaintiff was suffering from multiple serious heart conditions and disease that caused him chronic and substantial pain and discomfort and required further evaluation, diagnosis, care and treatment. Defendants United States and BOP Medical And Other Staff John Does 1-10 consciously and intentionally disregarded or ignored Plaintiff's condition.

37. Defendants United States and BOP Medical And Other Staff John Does 1-10's wrongful conduct caused Plaintiff severe and permanent injuries, including pain and suffering, mental and emotional pain and suffering, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

## FEDERAL TORT CLAIMS ACT
## AGAINST DEFENDANT UNITED STATES OF AMERICA

38. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 37 as fully set forth herein.

39. Defendant United States of America, by and through the deliberate indifference of the BOP Medical And Other Staff John Does 1-10 and others, is liable under the Federal Tort Claims Act for injuries resulting from Defendant BOP Medical And Other Staff John Does 1-10's failure to provide adequate medical care and treatment to Plaintiff.

40. Defendants United States and BOP Medical And Other Staff John Does 1-10 and others, owed Plaintiff a duty to provide adequate medical care and treatment to Plaintiff.

41. As alleged above, the United States, through its employees and agents, breached this duty of care by failing to provide or arrange for adequate medical care and treatment for Plaintiff.

42. The United States' wrongful conduct caused Plaintiff severe and permanent injuries, physical pain and suffering, mental and emotional pain and suffering and loss of enjoyment and quality of life.

## JURY DEMAND

43. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a. For compensatory damages in an amount to be determined;

    b. For punitive damages greater than $100,000 and in an amount to be determined;

    c. For reasonable attorneys' fees, together with costs and disbursements of this action;

    d. For pre-judgment interest as allowed by law; and

    e. For such other and further relief as this Court may deem just and proper.

DATED: July 27, 2018
         Deerfield Beach, Florida

Yours, etc.

*/s/ Frank M. Lobacz (pro se)*
Frank M. Lobacz (*pro se*)
352 Wildwood Lane, E.
Deerfield Beach, FL 33442-1406
(917) 586-9141