IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-453-D

| | |
|---|---|
| FRANK M. LOBACZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

On July 27, 2018, in the Southern District of Florida, Frank Lobacz ("Lobacz" or "plaintiff"), a former federal prisoner proceeding pro se, filed a complaint alleging a Federal Torts Claim Act ("FTCA") violation against the United States and a Bivens claim against the United States and John Does 1–10 based on the medical care he received while incarcerated in the Bureau of Prisons ("BOP") [D.E. 1]. On December 26, 2018, the United States moved to dismiss the Bivens claim and moved for summary judgment on the FTCA claim [D.E. 14]. On May 10, 2019, the United States District Court for the Southern District of Florida dismissed Lobacz's Bivens claim against the United States and transferred the case to the United States District Court for the Middle District of North Carolina [D.E. 29, 31]. On October 10, 2019, the United States District Court for the Middle District of North Carolina transferred the case to the Eastern District of North Carolina [D.E. 41, 42]. On May 12, 2021, this court dismissed Lobacz's FTCA claim and his Bivens claim against the John Doe defendants but allowed Lobacz to file an amended complaint [D.E. 65].

On June 1, 2021, Lobacz filed an amended complaint containing an FTCA claim with an expert certification for his medical malpractice claim and a Bivens claim, identifying the unnamed John Doe defendants [D.E. 66]. Lobacz also moved to qualify as an expert the doctor who provided the certification for his amended complaint [D.E. 67]. On July 15, 2021, the United States filed a

motion to dismiss the FTCA claim for failure to state a claim because of Lobacz's lack of a timely certification, under N.C. Gen. Stat. § 1A-1, Rule 9, [D.E. 72], and filed a memorandum in support [D.E. 73]. The United States also noted that Lobacz never served the Bivens defendants. See id. at 1 n.1; [D.E. 79] 1 n.1. On October 27, 2021, after notifying the court of Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021),[1] the United States moved to dismiss Lobacz's FTCA claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) based on failure to exhaust administrative remedies [D.E. 79]. On December 21, 2021, Lobacz responded in opposition [D.E. 86].

As explained below, the court denies without prejudice Lobacz's motion to qualify an expert witness and grants in part the government's motion to dismiss Lobacz's FTCA claim for lack of subject-matter jurisdiction. The court will hold an evidentiary hearing to resolve the remaining dispute about subject-matter jurisdiction over the FTCA claim arising from Lobacz's medical care in the BOP. The court also dismisses without prejudice Lobacz's Bivens claim and Bivens defendants because Lobacz has never served the Bivens defendants.

I.

On November 12, 2010, Lobacz was convicted of conspiracy to commit healthcare billing fraud, income tax evasion, and filing a false IRS form. See Am. Compl. [D.E. 66] ¶ 21. After sentencing, the court remanded Lobacz to the custody of the U.S. Marshal, and Lobacz was held in a private detention facility in Queens, New York (the "GEO"). See id. ¶ 22. The U.S. Marshal

---

[1] In Pledger, the government moved to dismiss a pro se plaintiff's FTCA medical negligence claim because the plaintiff did not comply with a West Virginia law requiring a plaintiff to serve with his complaint a screening certificate of merit by a health care provider who qualifies as an expert under state law. See 5 F.4th at 513–15. The Fourth Circuit held that such a state law pleading requirement was not a proper basis for dismissal under federal pleading standards. See id. at 518–24. Under North Carolina law and the reasoning of Pledger, Rule 9(j) is not a substantive requirement for a medical malpractice claim. Rather, it is a heightened pleading requirement that this court cannot apply to Lobacz's FTCA claim.

2

transferred Lobacz to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he remained until August 2013. See id.

Lobacz alleges he suffers from various heart ailments and heart disease. See id. ¶¶ 23–32. Lobacz also alleges that while he was at the GEO and the MDC, he received inadequate medical care for his conditions. See id. In August 2013, the BOP transferred Lobacz from the MDC to FCI Butner. See id. ¶¶ 33–36. Lobacz alleges that BOP employees at Butner failed to provide adequate medical care for his conditions. See id. Following Lobacz's release from BOP custody, Lobacz collapsed and was hospitalized. See id. ¶ 37. Lobacz claims the inadequate medical care he received at the MDC and FCI Butner caused this hospitalization and continued poor heart health. See id. ¶¶ 38–41. Lobacz seeks compensatory damages.

II.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. In considering a motion to dismiss for lack of subject-matter jurisdiction, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005); see Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Such a motion may either (1) assert the complaint fails to state facts upon which subject-matter jurisdiction may be based, or (2) attack the existence of subject-matter jurisdiction in fact,

3

apart from the complaint. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams, 697 F.2d at 1219. When a defendant raises a facial challenge to standing that does not dispute the jurisdictional facts alleged in the complaint, the court "accept[s] the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018); Adams, 697 F.2d at 1219.

When the defendant claims that the jurisdictional allegations of the complaint are not true, the plaintiff "is afforded less procedural protection." Kerns, 585 F.3d at 192. "If the defendant challenges the factual predicate of subject matter jurisdiction, a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." Id. (cleaned up); see Adams, 697 F.2d at 1219. "[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Kerns, 585 F.3d at 192.

Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA provides the exclusive remedy against the United States for claims involving the tortious or wrongful acts or omissions of its employees or agents. See 28 U.S.C. § 2679(a), (b). The government's liability under the FTCA depends upon the existence of a state cause of action imposing liability. See F.D.I.C. v. Meyer, 510 U.S. 471, 477–78 (1994) (explaining state tort law is "the source of substantive liability under the FTCA").

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). "[T]he requirement of the filing of a claim by 28 U.S.C. § 2675(a) [is] jurisdictional and may not be waived." Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (quotation omitted); see Garcia v. United States, No.

4

4:15-CV-88-FL, 2016 WL 916432, at *5 (E.D.N.C. Mar. 10, 2016) (unpublished); Richardson v. United States, No. 5:08-CV-620-D, 2011 WL 2133652, at *3 (E.D.N.C. May 26, 2011) (unpublished); Mack v. United States, No. CV 1:20-00354, 2021 WL 4272698, at *5–6 (S.D.W. Va. May 21, 2021) (unpublished) (collecting cases), report and recommendation adopted, 2021 WL 4269475 (S.D.W. Va. Sept. 20, 2021), appeal docketed, No. 21-7422 (4th Cir. Oct. 6, 2021). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Therefore, before a plaintiff can sue the United States under the FTCA, he "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

A claimant properly presents a claim when the government receives a completed Standard Form 95 or other written notification of an incident, and "a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); see Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). Under 28 C.F.R. § 14.2(a), "the claimant meets his burden if the notice (1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." Ahmed v. United States, 30 F.3d 514, 516–17 (4th Cir. 1994) (quotation omitted); see Washington v. Dep't of the Navy, 446 F. Supp. 3d 20, 25 (E.D.N.C. 2020); see Rudisill v. United States, No. 5:13-CV-110-F, 2014 WL 4352114, at *1 (E.D.N.C. Sept. 2, 2014) (unpublished); Richland-Lexington Airport Dist. v. Atlas Props., Inc., 854 F. Supp. 400, 409–13 (D.S.C. 1994). The presentment requirement, including the sum certain, "allows an agency to assess a claim's settlement value." Kokotis, 223 F.3d at 279. And, "[s]ince the FTCA links both the authority to settle a claim and the source of settlement funds to the amount of the underlying claim, the Act's purpose is frustrated if the administrative claim does not indicate a specific amount of money." Id. "[T]he proper focus is on whether the administrative

5

claim affords the Government with adequate notice to properly investigate the underlying incident so that it may either reasonably assess its liability or competently defend itself." Drew ex rel. Drew v. United States, 217 F.3d 193, 197 (4th Cir.), reh'g en banc granted, opinion vacated (Sept. 8, 2000), aff'd by equally divided court without opinion, 231 F.3d 927 (4th Cir. 2000) (en banc); see College v. United States, 572 F.2d 453, 454 (4th Cir. 1978) (per curiam).

The government argues that Lobacz failed to exhaust administrative remedies as required under the FTCA. See [D.E. 80] 6–8. In support, the United States contends that Lobacz's statement about exhaustion in his amended complaint is "conclusory" and "self-serving." Id. at 7; see Am. Compl. ¶ 16. In contrast, the United States offers the declaration of Kelly Forbes, a paralegal specialist at FCC Butner, describing the BOP's system for tracking administrative claims and stating that the BOP has no record of any administrative tort claim concerning Lobacz. See [D.E. 81]. Lobacz responds that he satisfied the FTCA's exhaustion requirement by providing the United States with written notice and that he does not have documentation to prove this fact because the BOP failed to ensure that his documentation followed him when he was transferred. See [D.E. 86] ¶¶ 4, 8–9, 11.

Lobacz does not allege with any specificity how, when, or through what process he submitted these alleged notices. Lobacz also does not specify what the written notices contained. Although Lobacz is a pro se party, he must satisfy the administrative exhaustion requirement. And, even if the BOP failed to ensure that Lobacz's documents followed him during his transfer, Lobacz fails to explain why the documents would not be in the BOP's electronic database tracking such claims. Cf. [D.E. 81]. In light of the record, the court will hold an evidentiary hearing to resolve this factual dispute about whether Lobacz exhausted his administrative remedies under the FTCA for the medical care that he received while incarcerated. Kerns, 585 F.3d at 192.

Lobacz also alleges that, after his release from the BOP and as a result of the improper medical treatment in the BOP, he "collapsed and was hospitalized," received emergency surgery, and

6

"continues to suffer poor heart health." Am. Compl. ¶¶ 37–38. Lobacz, however, does not allege that he provided written notice of this incident after leaving the BOP or that he amended his alleged earlier notice to reflect additional damages or claims as the FTCA requires. See Kokotis, 223 F.3d at 279–81. Moreover, when these alleged incidents occurred, Lobacz was not in BOP custody and cannot plausibly allege that the BOP prevented him from filing or having documentation of such a notice or an amendment to previous notices. Therefore, the court grants in part the United States's motion to dismiss under Rule 12(b)(1) and dismisses any claim for damages arising after Lobacz's release. Because the court grants in part the motion to dismiss under Rule 12(b)(1), the court denies without prejudice the United States's motion to dismiss under Rule 12(b)(6) and Lobacz's motion to qualify an expert.

III.

Lobacz originally alleged a Bivens complaint against John Doe defendants. See Compl. ¶¶ 32–37. On May 12, 2021, the court dismissed Lobacz's FTCA claim and his Bivens claim against the John Doe defendants but allowed Lobacz to file an amended complaint. See [D.E. 65]. On June 1, 2021, Lobacz filed an amended complaint naming the unnamed John Doe defendants. See [D.E. 66].

On June 3, 2021, the clerk issued summonses to the individual defendants, see [D.E. 68], and a letter to Lobacz informing him of his duty to serve notice on the defendants. See [D.E. 69]. In both of the United States's subsequent motions to dismiss, the United States noted that while Lobacz's amended complaint names unnamed Bivens defendants, Lobacz has not properly served those defendants and as a result the United States cannot defend them. See [D.E. 72] 1 n.1; [D.E. 79] 1 n.1.

Lobacz has not served the individual Bivens defendants, and the time for doing so has expired. See Fed. R. Civ. P. 4(m). Without proper service, this court lacks personal jurisdiction over the Bivens defendants. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350–51

7

(1999); Life Techs. Corp. v. Govindaraj, 931 F.3d 259, 264–65 (4th Cir. 2019). Accordingly, the court dismisses without prejudice the Bivens claims.

IV.

In sum, the court GRANTS IN PART defendant's motion to dismiss under 12(b)(1) [D.E. 79], DISMISSES any claim for damages arising after plaintiff left BOP custody, and DENIES WITHOUT PREJUDICE plaintiff's motion to qualify an expert [D.E. 67]. The court DISMISSES WITHOUT PREJUDICE plaintiff's Bivens claim and Bivens defendants, and DISMISSES WITHOUT PREJUDICE defendant's motion to dismiss under 12(b)(6) [D.E. 72]. The parties SHALL confer and propose a date for an evidentiary hearing concerning whether this court has subject-matter jurisdiction over plaintiff's remaining FTCA claim concerning his medical care while he was incarcerated.

SO ORDERED. This 17 day of March, 2022.

JAMES C. DEVER III
United States District Judge